Walker, J. The third amended plea of defendant was, by the circuit court, on demurrer, adjudged insufficient. The de-fence interposed by the plea is, that, after the bond sued on became due, and before any payment thereon, the plaintiff and Byrd, the principal in the bond, without the assent of defendant, who was his security, made an agreement, by which, for the consideration of six hundred dollars, which Byrd agreed to pay plaintiff, plaintiff agreed with Byrd to indulge, forbear, and give day of payment on said writing obligatory for one month: and that said plaintiff did forbear and give day, for that length of time, without the assent of defendant. The special causes,of demurrer are: 1st, that the defence interposed is an equitable, not a legal, defence: 2d, that the contract to forbear was without consideration: 3d, that it is not averred that it was made without the assent of the defendant. This question has been repeatedly presented to this court, and it may be considered as settled, that giving time, by a valid and binding agreement, by a creditor, to the principal debtor, without the assent of the security, operates as a discharge to him both in law and equity. Stone & McDonald vs. State Bank, 2 Eng. 141. This plea falls decidedly within the rule there laid down, and varies materially only in the averment that the agreement to forbear and the forbearance were made without the assent of the security. In a still later case, at the July term, 1848, the same question was presented, and, after a full examination of authorities, the principles settled in the case of Stone & McDonald vs. The State Bank, were affirmed. Being satisfied with the correctness of these decisions, it is deemed unnecessary to review the authorities, or comment upon them. The facts set forth in the plea are sufficient to bar a recovery against the defendant, and the circuit court erred in sustaining the demurrer. A notice to take depositions on the 16th, 17th, and 18th of March next, or any or each of said days, is not sufficiently certain as to time. Reardon vs. Farrington, 2 Eng. 304. It is true that where the party appears, by himself or attorney, and makes his appearance, cross examines, objects to a question, to the competency of the witness, or does any substantive act connected with the taking of the depositions, and it so appears in the depositions, regularly certified, the party will not, at the hearing of the cause, be permitted to object that no legal notice had been given. In this case, the only reference to the plaintiff’s appearance, is found in a note at the foot of the depositions, and after they were closed and signed by the witness: “To all of which testimony, the said James McYicar, by James Yell, his attorney, objected as being illegal: Attest, H. Scull, J. P.” This statement constitutes no part of the depositions, is not embraced in it, and, for aught that appears, may have been made after the depositions were closed. Whilst the law, in consideration of the trust and confidence reposed in its officers, and the high responsibility they are under in the discharge of official duties, gives full faith and credit to every act certified as having been done by them, that confidence only extends to such acts and duties as they are required by law to perform, and their certificate to a fact, not strictly performed in discharge of a legal duty, is entitled to no more credit than if made by a private citizen. The justice’s certificate (had it been given to that extent) could not have embraced the declaration of the attorney, or his objections, unless it affirmatively appeared that they were made in the progress of the taking of the depositions, and was part of the proceedings had whilst the justice was in the discharge of his official duty under the commission authorizing him to take and certify the depositions. The certificeate, however, in this case, simply verifies the depositions without reference to this after-statement. At the present term of this court, in the case of Slocomb, Richards & Co. Ex parte, it was decided, and we think correctly, that so much of the certificate of a clerk as related to the manner of making up and signing a record was extra-official and mere surplusage. The defect in the notice was not cured by an appearance in this case, and the depositions were correctly excluded. The judgment of the circuit court is reversed and set aside, and the cause remanded to be proceeded in according to law, not inconsistent with the opinion of this court.